IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM COTTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-428 |
| | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Pending before the court[1] is Defendant's Motion to Dismiss (Doc. 8).  The court has considered the motion, all relevant filings, and the applicable law.  For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion be **GRANTED**.

## I.  Case Background

Plaintiff filed the present action against Defendant on February 8, 2012, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964[2] ("Title VII").[3]  The complaint indicated that Plaintiff had filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") two weeks previously, on January 26, 2012, but contrary to the statement in the complaint, Plaintiff did not include a copy of

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Doc. 12.

[2] 42 U.S.C. §§ 2000e-2000e-17.

[3] <u>See</u> Doc. 1, Pl.'s Compl.

the EEOC charge.[4]  Plaintiff did not indicate that he had received

a right-to-sue letter from the EEOC prior to filing the pending

lawsuit.[5]  Additionally, Plaintiff's complaint did not identify the

protected class to which Plaintiff belonged that served as the

basis for Defendant's discrimination.[6]

Plaintiff alleged that Defendant "failed to judge ba[]sed on

the facts of the case."[7]  In describing the manner of Defendant's

alleged discriminatory conduct, and when such conduct occurred,

Plaintiff alleged solely that "[d]uring my case all facts were not

considered or respected."[8]  Plaintiff requests the following relief

from the court: (1) that Defendant be ordered to stop

discriminating against Plaintiff; (2) that Defendant employ

Plaintiff; and (3) other relief, such as "injunctions, damages,

costs and attorney's fees."[9]

Defendant filed the pending motion to dismiss on April 26,

---

[4]     See id. ¶ 4.

[5]     See id. ¶ 5.  Plaintiff filed a form complaint consisting of blanks
for Plaintiff to complete and boxes for Plaintiff to check if applicable to his
claims.  Plaintiff did not fill in a date for the following statement: "On the
date of _____, the plaintiff received a Notice of Right to Sue letter issued
by the [EEOC]; a copy is attached."  Id.

[6]     See id. ¶ 6.  To identify which protected class Plaintiff belonged
to and was discriminated against because of his membership therein, Plaintiff was
provided with the following options: (a) race, (b) color, (c) sex, (d) religion,
and (e) national origin.  See id.  Plaintiff did not mark any of these protected
categories.  See id.

[7]     Id.

[8]     Id. ¶ 7.

[9]     Id. ¶ 8.

2012, to which Plaintiff objected on May 17, 2012.[10]   Attached to its motion, Defendant included a transcript of the administrative proceedings related to Plaintiff's previous claims for disability insurance benefits and supplemental security income under Title II and Title XVI, respectively, of the Social Security Act.[11]   The transcript indicated that, on November 22, 2011, the Appeals Council of the Social Security Administration denied Plaintiff's request for review of an Administrative Law Judge's (ALJ) decision denying benefits.[12]   The Appeals Council instructed Plaintiff how to file a civil action in federal court for review of its decision and stated that Plaintiff had sixty days from receipt of the decision to file the civil action.[13]

## II.  Legal Standard

Pursuant to Rule 12(b)(6), dismissal of an action is appropriate whenever the complaint, on its face, fails to state a claim upon which relief can be granted.  When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-

---

[10]     See Doc. 8, Def.'s Mot. to Dismiss; Doc. 11, Pl.'s Objs. to Def.'s Mot. to Disimss.

[11]     See Doc. 9, Transcript of Admin. Proceedings ("Tr.").

[12]     See Tr. 1-6, Appeals Council Denial of Review Dated Nov. 22, 2011; see Tr. 19-32, ALJ Decision.

[13]     See Tr. 2-3.  According to the decision, the sixty-day time frame would begin the day after Plaintiff received the Appeals Council's decision, and that the Appeals Council would assume that Plaintiff received a copy of the decision "5 days after the date on it unless you show us that you did not receive it within the 5-day period."  Tr. 2.

pleaded facts. <u>Sullivan v. Leor Energy, LLC</u>, 600 F.3d 542, 546 (5th Cir. 2010). A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Bell Atl. Corp.</u>, 550 U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 129 S.Ct. at 1949.

### III. Analysis

Defendant moves to dismiss Plaintiff's employment discrimination complaint in its entirety and also liberally construes the complaint as relating to Defendant's denial of Plaintiff's previous claims for disability insurance benefits and supplemental security income under the Social Security Act. With respect to the latter, Defendant moves to dismiss Plaintiff's complaint on the grounds that Plaintiff failed to file a timely civil suit appealing Defendant's denial of benefits under the Social Security Act. The court considers Defendant's arguments.

### A. <u>Title VII</u>

Title VII prohibits employers from "discriminat[ing] against any individual with respect to his compensation, terms, conditions,

4

or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). It further requires employees to exhaust their administrative remedies prior to seeking judicial relief.  Jefferson v. Christus St. Joseph Hosp., 374 F. App'x 485, 489-90 (5th Cir. 2010).  Filing a discrimination charge with the EEOC and receiving a right-to-sue letter are conditions precedent to the filing of a Title VII action in federal court.  See Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 314-15 (5th Cir. 2004); Young v. Houston, 906 F.2d 177, 180 (5th Cir. 1990); see also 42 U.S.C. § 2000e-5(f)(1).  A suit filed prior to the receipt of a right-to-sue letter is subject to dismissal without prejudice.  See Pinkard v. Pullman-Standard, 678 F.2d 1211, 1215 (5th Cir. 1982).

After all administrative remedies have been exhausted, and in the absence of direct evidence, courts analyze Title VII discrimination claims under the burden-shifting approach first articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and modified in Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), and Rachid v. Jack In The Box, Inc., 376 F.3d 305 (5th Cir. 2004).  Under this "modified McDonnell Douglas approach," a plaintiff may trigger a presumption of discrimination by establishing a prima facie case.  Rachid, 376 F.3d at 312.

A prima facie case of discrimination requires the plaintiff to show that: 1) he is a member of a protected class; 2) he was

qualified for the position at issue; 3) he suffered an adverse employment action; and 4) someone who is not a member of the protected class to which the plaintiff belongs replaced the plaintiff or was hired instead of the plaintiff.  See <u>Crawford v. U.S. Dep't of Homeland Sec.</u>, 245 F. App'x 369, 378 (5th Cir. 2007); <u>Okoye v. Univ. of Tex. Houston Health Sci. Ctr.</u>, 245 F.3d 507, 512-13 (5th Cir. 2001)(addressing race discrimination claim).  Proof of disparate treatment can establish the fourth element of the plaintiff's prima facie case.  See <u>Bryant v. Compass Group USA Inc.</u>, 413 F.3d 471, 478 (5th Cir. 2005), <u>cert. denied</u>, 413 U.S. 471 (2006).

Here, Plaintiff did not file a right-to-sue letter or otherwise indicate receipt of such a letter from the EEOC, thereby failing to establish that he exhausted his administrative remedies prior to filing this lawsuit. Even if Plaintiff's complaint had alleged the receipt of a right-to-sue notice from the EEOC, and thus indicated that he exhausted administrative remedies, Plaintiff nonetheless failed to allege facts establishing a prima facie case of discrimination.  Specifically, Plaintiff's complaint does not: (1) establish that Plaintiff is a member of a protected class; (2) identify the position that Plaintiff was qualified to perform; (3) articulate an adverse employment action taken by Defendant; or (4) contain any facts from which the court can derive that someone outside of Plaintiff's protected class replaced Plaintiff or was

hired in his place.   See Crawford 245 F. App'x at 378.

The court therefore finds that, on its face, Plaintiff's complaint does not allege a Title VII claim upon which relief can be granted.   Accordingly, the court **RECOMMENDS** that Plaintiff's Title VII claim be **DISMISSED**.

## B.   Denial of Social Security Disability Benefits

Section 205(g) of the Social Security Act provides, in pertinent part, "Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ."   42 U.S.C. § 405(g).   A claimant is presumed to have received notice of such a decision five days after the date indicated on the notice, unless the claimant shows that notice was not received within five days of the date on the notice.   20 C.F.R. §§ 404.901, 422.210(c).   The sixty-day requirement "may be extended by the Appeals Council upon a showing of good cause."   20 C.F.R. § 422.210(c).

Here, the administrative record before the court indicates that, on November 22, 2011, the Appeals Council denied Plaintiff's request for review of an ALJ's decision denying benefits. Plaintiff allegedly filed his discrimination charge with the EEOC sixty-five days later, on January 26, 2012.   The case at bar was filed on February 8, 2012, seventy-eight days after the Appeals

7

Council issued its denial of review.  Nothing before the court suggests that Plaintiff did not receive the Appeals Council's letter within five days of November 22, 2011, or that Plaintiff requested an extension, for good cause, of the sixty-day time frame to file a civil lawsuit.  It thus appears that Plaintiff failed to timely institute a civil action seeking review of the final decision of the Commissioner of the Social Security Administration.

However, as Plaintiff's complaint, liberally construed and read in the light most favorable to Plaintiff, does not raise a cause of action for review of a denial of social security benefits, the court declines to rule on the viability of this unpleaded claim.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's motion to dismiss be **GRANTED**.  The court will reconsider its recommendation if, within fourteen days, Plaintiff, proceeding pro se, files a right-to-sue notice issued by the EEOC and alleges facts supporting a prima facie case of discrimination under Title VII.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period

8

mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 7<u>th</u>  day of September, 2012.

Nancy K. Johnson
United States Magistrate Judge